The treating physicians who evaluated plaintiff contemporaneously to the compensable November 1995 knee injury incident have testified that she did not injure her back at the time. Dr. Johnson, the emergency room physician, testified that he was "99 percent certain" that plaintiff did not mention any pain in her back, but he examined her back, anyway, and found no cause for further study. Johnson Depo. at 23. Dr. McGowen, an orthopedic surgeon/spine specialist, examined plaintiff two weeks later and found no signs of neurologic or back problems. T. Ex. at 22. He testified that plaintiff's back condition was "totally unrelated" to her compensable knee injury. McGowen Depo. at 32, 34. He also testified that plaintiff suffers from a number of degenerative, chronic conditions commonly seen in the elderly that are not associated with acute injury. Id. at 26-27.
Gordon Shannon, the only witness to testify that plaintiff complained of back problems before April 1996, was inherently not credible. He was fired by defendant-employer for misperformance and was "upset" about it. Tr. at 80, 46. He could not pinpoint an approximate date when he allegedly first heard plaintiff complain. (Tr. at 55-58) The medical records are devoid of any mention of plaintiff's back complaints before April 1996. T. Ex. at 26.
Dr. Hughes did not examine plaintiff until nine months after the knee injury. He conceded that, if plaintiff exhibited no sign of sciatic irritability six to eight weeks after the knee injury, she had not sustained nerve root damage at that time. Hughes Depo. at 34. Furthermore, Dr. Hughes also admitted that it is probable that normal activities of daily living can aggravate preexisting degenerative conditions like plaintiff has that would eventually result in the onset of symptoms. Hughes Depo. at 41-42.
It is well established that plaintiff has the burden to prove the alleged injury resulting from an accident arising out of and in the course of her employment. Bartlett v. Duke Univ., 284 N.C. 230,200 S.E.2d 93 (1973). The greater weight of the evidence does not support a finding that plaintiff injured her back in November 1995 when she injured her knee.
Dr. Hughes' opinion that plaintiff aggravated a preexisting spinal degenerative process was based on a hypothetical propounded by plaintiff's counsel. This hypothetical assumed that plaintiff experienced pain and discomfort in her left hip, radiating to her left leg within hours of her discharge from the emergency room in November 1995. Hughes Depo. at 18. Plaintiff testified, however, that she did not experience such pain until four months later. Tr. at 25-26. Furthermore, the Deputy Commissioner found that plaintiff did not experience such pain until "about two weeks prior to April 10, 1996 ." Finding of Fact. No. 7. Therefore, Dr. Hughes opinion is based on facts that were not in evidence before the Commission in this matter.
The Court of Appeals recently reversed the Commission's finding that a plaintiff's motor vehicle accident had aggravated his preexisting back condition. Thacker v. City of Winston-Salem,125 N.C. App. 671, 482 S.E.2d 20, disc. rev. denied, 346 N.C. 289,487 S.E.2d 571 (1997). In Thacker, plaintiff's expert's opinion was based on a hypothetical supposition that plaintiff struck his head on the roof of the car during the accident. Id. The Court found that the expert's response was not competent as it was based entirely on conjecture, nor was it based on the competent medical evidence of record. Id. Such is the case in the instant matter.
Even viewing the facts in a light most favorable to plaintiff, the competent evidence of record and the expert testimony do not support any further award in this case. I dissent from the majority and would vote to reverse the Deputy Commissioner in this matter.
This 11th day of June 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
DCS/jlr